(No. 00046—Claimant )

LUECELESTINE HICKS, as wife of WENDELL H. HICKS, deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1973.*

LUECELESTINE HICKS, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, and VINCENT BISKUPIC, Special Assistant Attorney, for Respondent.

PER CURIAM.

This claim, arising out of the death of a policeman killed in the line of duty, seeks payment of compensation to the decedent's beneficiary pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act", [hereafter, "the Act"] *Ch. 48, Sec. 281, et. seq., Ill.Rev.Stat., 1971.*

The court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General; a written statement of the decedent's supervising officer; and a report by the Illinois Attorney General's office which substantiates matters set forth in the application. Based upon these documents and other evidence submitted at a hearing before the full court on October 12, 1973, the court finds as follows:

1. That the claimant, LUECELESTINE HICKS, is the wife of the decedent and is the beneficiary who was designated by him as stated in her application for banefits.

2. That the decedent, WENDELL H. HICKS, was a

policeman employed by the Chicago Police Department and engaged in the active performance of his duties, within the meaning of Sec. 2(c) of the Act, on May 29, 1973.

3. That on said date at approximately 12:15 a.m. Officer Hicks was off-duty and had just finished bowling in a league at the Park Manor Bowling Center, 100 E. 75th Street. Officer Hicks left the Bowling Center; returned a minute or two later and announced over the P.A. system to the bowlers that he had noticed some men standing around a car in the parking lot across the street and inquired as to whether anyone owned the car or knew the men. No one responded, and Officer Hicks again left the Center. At the time in question, a Mr. Clarence A. Turner, the owner of said automobile, was being robbed by two men in the parking lot. The two robbers told Mr. Turner that they intended to take his automobile. One of the robbers had a gun in his hand. Mr. Turner was being forced to start the car for the robbers when Officer Hicks yelled from across the street "Halt, I'm a police officer". One robber ran from the scene and the other robber drove off in Mr. Turner's car. Officer Hicks got into his car, parked close by; chased the stolen car and blocked it when it crashed into a fence in an alley behind the Chicago Fire Department station at 6858 S. Indiana Avenue. A firefighter on duty as a "watchman" in the station reported that he heard "shots", was aware of a commotion behind the fire station and saw a man running from the scene, whom he could not identify. Officer Hicks was found lying on the ground at the rear of his car and was pronounced dead on arrival at St. Bernard's Hospital. The Coroner's Certificate of Death recites the cause of death as "Bullet wound to chest and heart".

4. That Officer Hicks was killed in the line of duty as defined in Sec. 2(c) of the Act;

5. That the proof submitted in support of this claim satisfies all of the requirements of the Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the sum of $10,000. (TEN THOUSAND DOLLARS) be awarded to LUECELESTINE HICKS as wife acd designated beneficiary of the deceased police officer, WENDELL H. HICKS.