(No. 82-CC-0623–

*In re* APPLICATION OF JEAN C. RAWSON.

*Opinion filed March 1, 1982.*

STEPHEN A. FREW, for Claimant.

TYRONE C. FAHNER, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This is an application for benefits filed pursuant to the Law Enforcement Officers and Firemen Compensation Act, hereinafter referred to as the Act (Ill. Rev. Stat. 1979, ch. 48, par. 281 *et seq.*), by Jean C. Rawson, widow of deputy fire chief Dean L. Rawson, who was employed in that capacity by the city of Rockford, Illinois, and who died on July 26, 1981.

The decedent is survived by his wife, the Applicant herein, and pursuant to section 3 of the Act she would be entitled to the entire sum of any benefits paid under the Act. Ill. Rev. Stat. 1979, ch. 48, par. 283.

Based upon the report filed by the office of the Attorney General and the rest of the record in this matter we find the circumstances surrounding the death to have

been as follows. On October 5, 1981, decedent was on call for the Rockford Fire Department as the ranking officer in Rockford at the time. A disturbance arose outside his home. Because he had his fire department car in his driveway he went outside to lock the doors. Shortly thereafter he became involved in the disturbance, was assaulted, and died 12 hours later. The cause of death was brain herniation due to brain contusion and subdural hematoma due to an accelerated fall on the back of the head. Contained in the written witness reports which were filed by the Applicant and the Attorney General are certain statements to the effect that the decedent became involved in the melee of his own volition and may have contributed in some manner to his death. However, the Attorney General's investigation report found that there was nothing in the circumstances to indicate decedent's death was caused by his wilful misconduct and we note that the statements otherwise were made by persons involved in the disturbance which brought decedent out of his home. We find no wilful misconduct.

The Attorney General's report concludes that it was unable to determine whether deputy chief Rawson's death meets the requisite of being "killed in the line of duty" as defined in the Act. However, based on the entire record, we find that he was so killed in the line of duty. He was the ranking officer in the city at the time. He was on call at the time. He had a fire department vehicle in his driveway which would have had to have been used had he been called in on an emergency. After becoming aware of a disturbance outside and near his vehicle he obviously felt the need to secure it. In the course of his doing so he was killed.

Jean C. Rawson is hereby awarded the sum of $20,000.00 (twenty thousand dollars and no cents).