(No. 87-CC-1055-

*In re* APPLICATION OF GENEVA SCHAFFER

*Opinion filed November 28, 1989.*

LAW OFFICES OF JOSEPH V. RODDY (THOMAS J. PLEINES, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

This is a claim for compensation arising out of the

death of Rudolph J. Schaffer, Jr., a police officer for the City of Chicago, pursuant to the Law Enforcement Officers, Civil Defense Workers, Civil Air Patrol Members, Paramedics and Firemen Compensation Act (the Act.) (Ill. Rev. Stat. 1985, ch. 48, par. 281 *et seq.*) The Claimant is Officer Schaffer's widow. A hearing for this matter was held on May 9, 1988, before Commissioner Michael Kane. The Claimant has filed a brief, but there is no indication that the Respondent has filed a brief. Commissioner Kane has duly filed his report with the Court.

The record reveals that on February 1, 1986, Officer Schaffer was assigned to the electronics maintenance unit at 1121 South State Street, Chicago, Illinois. The Claimant testified that on that date he arrived home after work at approximately 4:45 p.m., ate his dinner and played with his children. Later that evening he left his home on the southwest side. The Claimant assumed he was going to buy some cigars and then visit his father who was a patient at the University of Chicago Hospital. He had visited his father every night that week. Mrs. Schaffer last saw her husband as his van pulled north on Springfield Avenue. When he left his house that evening he had his weapon with him. Mrs. Schaffer stated he was dressed in a red and blue plaid shirt, a black leather belt, blue work pants, black socks, black leather dress shoes, and blue, three-quarter length jacket.

The record further reveals Officer Schaffer drove his van to the vicinity of 6900 South Peoria where he stopped Angelia Lathan, a pedestrian. Ms. Lathan testified she was asked by Mr. Schaffer if she knew where he could get some marijuana. After discussing one possible source of marijuana with Officer Schaffer, Ms. Lathan noticed that Sylvester Henderson and Calvin

Trice were coming down the street. She asked them if they had any marijuana. Calvin Trice said he had none, but told her to have the man pull into the alley. Sylvester Henderson claimed he had some marijuana, so Ms. Lathan directed Officer Schaffer to pull into the alley. Officer Schaffer pulled around the corner into the alley. Trice and Henderson walked towards the van in the alley. Officer Schaffer stepped outside of his van and at that point, Trice and Henderson announced a robbery. Ms. Lathan stated that Officer Schaffer then reached inside of his coat saying, "It's not going to be like that," whereupon he was shot by Henderson and stumbled back into his van. Trice then took the weapon and shot Officer Schaffer again.

The record also indicates that at some point, the van was doused with gasoline and set on fire with Officer Schaffer's body inside. However, the autopsy performed by the medical examiner's office revealed that the cause of death was the gunshot wounds.

In addition to the Claimant and Ms. Lathan, John Schaffer, the brother of Officer Schaffer, testified. His testimony combined with that of the Claimant establishes that Officer Schaffer was no doubt a good policeman and a very dedicated family man.

An award may be granted under the Act if it is shown that a police officer was killed in the line of duty as defined by the Act. Section 2(e) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 282(e)) provides, in relevant part, that " 'killed in the line of duty' means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer * * * if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental cause."

The circumstances surrounding Officer Schaffer's death, however, establish that on at least this day at this time he was not acting in the line of duty. The testimony of Angelia Lathan, which the Claimant attacked in the hearing, is the same testimony which was utilized to convict Mr. Henderson and Mr. Trice of the murder of Officer Schaffer. The Claimant speculates that Officer Schaffer's van broke down in the vicinity of this incident leading to the fatal confrontation. There is no evidence to support that theory. The fact that Officer Schaffer was not known by his family to use marijuana is not a controlling factor, nor is it surprising. Such activity would not be difficult to keep from one's loved ones.

The Claimant cites *Davis v. Retirement Board of Policemen's Annuity & Benefit Fund of City of Chicago* (1972), 4 Ill. App. 3d 221, 280 N.E.2d 735, as support for the proposition that a police officer would be entitled to the benefits even if the officer was attempting to purchase marijuana prior to the shooting. However, a close reading of *Davis* reveals that Officer Davis, while not actually on duty at the time of his death, was in fact investigating a rape and robbery when he was shot. His contact with the assailant was initiated after being informed of the criminal attack by the victim. The circumstances at hand are totally different. In this case the record is devoid of any evidence to suggest that Officer Schaffer was carrying out any police duty at the time of initial contact with Ms. Lathan. Furthermore, at the time Officer Schaffer first came into contact with his eventual killers, he was still trying to purchase marijuana. There is no evidence that he was doing this in an undercover capacity or that he was engaged in any police operation at the time.

While we sympathize with the Claimant, we regret-

fully must find that, based on the foregoing, Officer Schaffer was not "killed in the line of duty" as is required by section 2(e) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 282(e)) for an award to be granted since it has not been proven by the preponderance of the evidence that his unfortunate death resulted from performance of his duties as a law enforcement officer.

Wherefore, it is hereby ordered that this claim be denied.