(No. 88-CC-1548-)

*In re* APPLICATION OF W. ALLEN WINCHESTER, JR.

*Opinion filed November 19, 1991.*

W. ALLEN WINCHESTER, JR., *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

233

## OPINION

MONTANA, C.J.

This is a claim for compensation arising out of the death of Russell A. Winchester, a firefighter/paramedic for the Glenbrook Fire District, pursuant to the provisions of the Law Enforcement Officers, Civil Defense Workers, Civil Air Patrol Members, Paramedics, and Firemen Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 281 *et seq.*), hereinafter referred to as the Act. Firefighter Winchester died on September 29, 1987, from injuries sustained from a fall on September 23, 1987. The Claimant, the decedent's father, and Shirley Peters, the decedent's mother, were designated as equal beneficiaries of any award authorized by this Court.

The record consists of the application for benefits and documents submitted in support thereof, the statement of the decedent's supervising officer, the report of the Attorney General, and a transcript of a hearing held before Commissioner Michael E. Fryzel, who has duly filed his report.

The record indicates that on September 23, 1987, Firefighter Winchester had been directed to attend while on duty a required advanced driving maneuvers class at the Glenview Naval Air Station. The nature of the class was such that only one firefighter from a crew could be instructed at a time. During the times the firefighters were not driving they had to remain in the area and were considered "on drill" whether driving, picking up the obstacle cone, or just awaiting their turn. During one of the waiting periods some of the firefighters began throwing a football with full knowledge of the acting officer on the scene. This escalated into a scrub football game. While attempting to catch a pass firefighter Winchester lost his footing, fell to the concrete surface and struck his head. He died from the injuries he suffered at Evanston Hospital on September 29, 1987. The medical examiner's certificate of death lists the cause of death as cerebral injuries due to, or as a consequence of, a fall.

For an award to be granted under the Act it must be shown that the decedent was killed in the line of duty as defined by the Act. Section 2(e) of the Act provides, in relevant part, that

" 'killed in the line of duty' means losing one's life as a result of injury received in the active performance of one's duties as a ° ° ° fireman if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental cause."

Firefighter Winchester was on duty at the time of his fatal accident. Though waiting for his turn in the training session when injured, he was considered to be "on drill" according to the statement of his supervising officer. Also according to his supervising officer, the acting officer on the scene had full knowledge of the physical activity the decedent was engaged in when the fatal injury was suffered. The decedent's supervising

officer further stated that the firefighters were encouraged to take part in physical activity since it helps maintain the physical conditioning necessary in their line of work.

Based on the foregoing, we find that Firefighter Winchester was killed in the line of duty and that this claim is therefore compensable.

It is therefore hereby ordered that an award of $50,000.00 be, and is, hereby awarded in this claim. Said award is to be shared equally by W. Allen Winchester, Jr., and Shirley Peters, the designated beneficiaries of Firefighter Russell A. Winchester.