(No. 89-ĈC-2429—

*In re* APPLICATION OF LOUIS P. CARDWELL III.

*Opinion filed November 26, 1991.*

LAWRENCE D. O'GARA, for Claimant.

ROLAND W. BURRIS, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## OPINION

MONTANA, J.

This claim is before the Court by reason of the death of Lawrence K. Cardwell, who was an officer with the Chicago Police Department. Louis P. Cardwell III, who is the independent administrator of the decedent's estate, seeks compensation pursuant to the terms and provisions of the Law Enforcement Officers, Civil Defense Workers, Civil Air Patrol Members, Paramedics, Firemen and State Employees Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 281 *et seq.*), hereinafter referred to as the Act.

On May 24, 1990, this Court entered an order regarding this claim which stated it was unable to determine from the record before it whether Officer Cardwell was "killed in the line of duty" as is a precondition to the granting of compensation under the Act. The record before the Court at that time consisted of the application for benefits submitted by the Claimant, together with the written statement of Officer Cardwell's supervising officer and documents submitted therewith, the medical examiner's report of postmortem examination, the decedent's designation of beneficiary, and the report of the Attorney General. Pursuant to the order the claim was assigned to a commissioner for the purpose of determining whether Officer Cardwell was "killed in the line of duty" as the phrase is defined in section 2(e) of the Act and to examine such other matters as may be necessary to resolve the claim.

The matter is now back before the Court pursuant to a joint stipulation filed by the parties which states, in relevant part, as follows:

"The parties hereto, by their respective attorneys, hereby jointly stipulate to the submission of the Report of the Attorney General, with the

forms and documentation attached thereto, as and for the complete record for consideration by the Court in this matter.

Neither party intends to adduce any additional evidence, nor does either party intend to file a brief in this cause.

The parties stipulate that the matter be thus presented for the Court's consideration."

## Section 2(e) of the Act provides, in relevant part:

"(e) 'killed in the line of duty' means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer, civil defense worker, civil air patrol member, paramedic or fireman if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental cause."

In determining whether an officer was "killed in the line of duty" when the fatal injury suffered was a heart attack, this Court stated in the case of *In re Application of Smith* (1990), 43 Ill. Ct. Cl. 183, at page 186:

"Cases involving heart attacks are among the most difficult presented to this Court. The Court recognizes that police work involves stress and strain which can lead to heart attacks. In deciding whether an award should be granted an effort is made to determine whether the activities the decedent was performing precipitated the heart attack. In cases where a decedent is performing strenuous physical activities at the time the attack is suffered the Court has consistently granted awards. However, in cases where the decedent was not performing strenuous physical activities when the heart attack was suffered the Court must closely examine whether the circumstances surrounding the decedent's performance of duties prior to the time the fatal heart attack was suffered may have precipitated the attack."

The record before the Court indicates that on September 19, 1988, Officer Cardwell was on duty and was assigned to executive security detail, unit 543, 8:00 a.m. to 9:00 p.m. While visiting a friend at 3732 S. Wallace, Officer Cardwell stated he didn't feel well and collapsed in a chair. He was taken to Mercy Hospital where he was pronounced dead of a possible heart attack. The medical examiner's report of postmortem examination indicates that Officer Cardwell died as the result of coronary arteriosclerosis.

There is nothing in the record before us establishing a causal connection between the decedent's duties and his death. No evidence has been presented indicating the decedent was performing strenuous physical activities at the time the attack was suffered or that the circumstances surrounding the decedent's performance of duties prior to the time he collapsed produced unusual stress or strain which could have been sufficiently injurious to precipitate a heart attack.

Based on the foregoing, we find that this claim must be denied since it has not been shown that Officer Cardwell was "killed in the line of duty" as is required by the Act.

It is therefore hereby ordered that this claim be, and is, hereby denied.