(No. 90-CC-1512-

JANICE RYAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 6, 1994.*

JOSEPH V. RODDY LAW OFFICES (THOMAS J. PLEINES, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This claim is before the Court by reason of the death of Randall M. Ryan, a sergeant with the Chicago police department. The decedent's widow, Claimant, Janice Ryan, seeks compensation pursuant to the terms and provisions of the Law Enforcement Officers and Firemen

Compensation Act (Ill. Rev. Stat. (1987), ch. 48, par. 281 *et seq*.), hereinafter referred to as the "Act."

On February 21, 1991, this Court entered an order remanding the cause to a Commissioner to conduct a hearing to determine whether Sergeant Ryan was "killed in the line of duty" as required and contemplated by the Act. The Court and Attorney General had been unable to determine if Sergeant Ryan had been killed in the line of duty. The case was tried before Commissioner Fryzel.

## The Facts

On January 27, 1989, Sergeant Randall M. Ryan of the Chicago police department died of ventricular arrhythmia due to, or as a consequence of, coronary artery disease after playing basketball in the Department gymnasium. Sergeant Ryan was on duty as a training officer. He usually taught some classes and had some clerical duties. Sergeant Ryan was very concerned about physical fitness and the Department indicated physical fitness was a necessity. Sergeant Ryan played basketball in the gym and then collapsed. He was taken to the hospital but was pronounced dead. The application for benefits indicates Janice Ryan is the surviving spouse. There was no designation of beneficiary. A medical certificate of death was filed with the application. There is nothing in the record to indicate that Sergeant Ryan's death was caused by willful misconduct or intoxication.

## The Law

Section 2(e) of the Act (Ill. Rev. Stat. (1987), par. 282e) defines "killed in the line of duty" to mean "losing one's life as a result of injury received in the active performance of duties as a law enforcement officer * * * if the death occurs within one year from the date the injury was received and if that injury arose from violence or other

accidental cause * * *." In the present case, Sergeant Ryan was involved in a physical fitness activity while on duty when he had a heart attack.

This Court has considered a similar issue of whether a fireman was killed in the line of duty while playing football while on duty. (*In Re Application of Winchester* (1991), 44 Ill. Ct. Cl. 232.) In that case, the Court found that firefighters were encouraged to take part in physical activity since it helps maintain the physical conditioning necessary in that line of work. Firefighter Winchester was on duty at the time of his fatal accident. While waiting for instruction, he became involved in a scrub football game. While attempting to catch a pass, he lost his footing, fell and struck his head on the concrete resulting in his death. We made an award pursuant to the Act.

In determining whether an officer was killed in the line of duty when the fatal injury suffered was a heart attack, this Court has been consistent in its determinations. In cases where the decedent has been on active duty and has been performing strenuous physical activity at the time of the attack, the Court has consistently granted awards. In cases where the decedent was not performing strenuous physical activities when the heart attack was suffered, the Court has often denied such claims after closely examining whether the circumstances surrounding the decedent's performance of duties prior to the time of the fatal heart attack was suffered may have precipitated the attack. (*In Re Application of Cardwell* (1991), 44 Ill. Ct. Cl. 288.) Based on the foregoing, we find that Sergeant Randall M. Ryan was killed in the line of duty, that all requirements of the Act have been met by Claimant, and that this claim is therefore compensable.

It is therefore ordered that an award of $50,000 be, and is, hereby awarded to Janice Ryan, the surviving

spouse of decedent, Sergeant Randall M. Ryan, a Chicago police officer who was killed in the line of duty.