(No. 88-CC-1713—)

*In re* APPLICATION OF THAIS EDWARDS.

*Opinion filed February 15, 1995.*

CHADWICK & LAKERDAS (JAMES G. LAKERDAS, of counsel), for Claimant.

JIM RYAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Frederick, J.

This cause is before the Court on Claimant, Thais Edwards', application for death benefits pursuant to the Law Enforcement Officers, Civil Defense Workers, Civil Air Patrol Members, Paramedics, Firemen and State Employees Compensation Act (hereinafter referred to as the "Act"). (820 ILCS 315/1, *et seq.*). Claimant was the wife of deceased City of Chicago police officer Gregory R. Edwards. Claimant claims the death benefits available pursuant to the Act. This Court, on March 15, 1989, entered an order that a hearing was necessary for the purpose of determining whether the decedent was "killed in the line of duty" as defined in section 2(e) of the Act. 820 ILCS 315/2(e).

At the request of Claimant, a hearing was conducted on April 5, 1994, at which time Claimant was represented by counsel. One witness, detective Alan Szudarski, was presented on behalf of Claimant and Claimant's five exhibits were offered and admitted into evidence.

The cases coming before this Court wherein we must determine whether a police officer was "killed in the line of duty" are very difficult cases. This case is no exception. We are always sympathetic to the survivors but must follow the law on a case-by-case basis.

### The Facts

The Claimant's decedent, Gregory Edwards, was a City of Chicago police officer. Gregory Edwards was off

duty on September 29, 1987, at 12:30 a.m. Mr. Edwards was at the Roberts Motel, room 114, with a female companion, Angela Williams. Gregory Edwards was registered at the motel under the name Gregory Richards. Ms. Williams and Mr. Edwards were asleep in the bed. Ms. Williams woke Mr. Edwards up when she heard someone attempt to open the door. Mr. Edwards got dressed and Ms. Williams went into the washroom. Mr. Edwards exchanged words with someone outside. Without identifying himself as a police officer, and without calling for back-up, Mr. Edwards opened the door. Ms. Williams then heard gunshots fired. When she exited the washroom, she saw Mr. Edwards on the floor.

Mr. Edwards was carrying, and used in the altercation, a .44 caliber "Bull Dog" revolver. This was not a Chicago police department weapon. It was a secondary weapon. At the time, policemen were not allowed to carry a .44 caliber Bull Dog. However, at the time, police officers were permitted and encouraged to carry their weapons when off duty. There were handcuffs in the room and Mr. Edwards' star was also lying in the room.

Melvyn Wright was apprehended and convicted of the murder of Mr. Edwards. Melvyn Wright was at the motel with the intent to obtain money.

Chicago police detective Szurdinski testified that Mr. Edwards was not only off duty but had begun his furlough. He also testified that the woman he was with was not his wife and that Mr. Edwards registered in the motel under the name of "Gregory Richards."

## The Law

Claimant correctly argues that the Act does not require a police officer to be "on duty" when his death is caused by violence or accident. Section 2(e) of the Act,

however, specifies that a person is "killed in the line of duty" as a result of injury received in the active performance of duties as a law enforcement officer. 820 ILCS 315/2(e).

Subsections (1) and (2) of section 2(e) provide two instances in which a law enforcement officer receives an injury in the active performance of duties of a law enforcement officer without the specification that he be on duty. An officer may recover pursuant to subsection (1) if the injury is a result of a willful act of violence other than by the officer and a relationship exists between the commission of such act and the officer's performance of his duties, whether or not the officer is on duty. Subsection (2) would allow recovery if the officer is attempting to prevent the commission of a criminal act or apprehend an individual suspected of committing a crime, whether or not the officer is on duty.

Claimant cites *Hicks v. State* (1973), 29 Ill. Ct. Cl. 535 in support of her position. In *Hicks, supra,* the officer was off duty and the Court found that he was killed in the line of duty. He observed a robbery taking place, attempted to prevent the commission of a crime, and was killed.

Claimant also cited two cases where fire fighters were off duty. *In re Rawson* (1982), 35 Ill. Ct. Cl. 415 and *In re Schultz* (1982), 35 Ill. Ct. Cl. 900.

The Respondent maintains that officer Edwards was not killed in the line of duty because the Act requires the officer to be engaged in the "active performance of law enforcement duties." (820 ILCS 315/2(e).) The Respondent's position is that Claimant's decedent was not responding as a police officer but merely as any other private citizen. When Mr. Edwards opened the door, he became a victim of an attempted robbery.

In support of its position, the Respondent cites *In re Application of Georgean* (1973), 28 Ill. Ct. Cl. 408. In *Georgean, supra,* the Court adopted the "risk inherent in law enforcement" standard in these cases. The intent of the Court is to compensate for deaths whereby an officer risks his life in the public interest and the intent is not to compensate for a death unrelated to the risks inherent in and peculiar to the profession of law enforcement. 28 Ill. Ct. Cl. at 411.

It was the opinion of the Court in *Georgean, supra,* that the legislature intended to compensate survivors of law enforcement officers who were exposed to risks greater than those to which the public is exposed. (28 Ill. Ct. Cl. at 413.) In this case, officer Edwards was not exposed to any risk greater than a person of the general public. The cases cited by Claimant involve an officer who became involved in a dangerous situation and became involved in the performance of official duties.

There is no evidence that Mr. Edwards announced that he was a police officer at the time of the incident or that he told the offender to cease his conduct or face arrest. The record reflects that Mr. Edwards said, "Are you having trouble with this door knob? Well then get the fuck away from the door." He did not call for back-up. He was in a somewhat compromising situation using an assumed name. Mr. Edwards was not acting in the line of duty. The facts of this case are somewhat similar to the facts in *In re Application of Schaffer* (1989), 42 Ill. Ct. Cl. 218. In *Schaffer, supra,* the decedent was killed during a robbery. Officer Schaffer was acting as a private citizen, not as a police officer, and compensation under the Act was denied.

We find that in the present case Mr. Edwards was killed while acting as a public citizen. While we sympathize with the Claimant, Thais Edwards, we are constrained to

find, based on the foregoing, that officer Edwards was not "killed in the line of duty" as required by section 2(e) of the Act. Claimant has failed to prove by a preponderance of the evidence that Mr. Edwards' death resulted from the performance of his duties as a law enforcement officer.

Therefore, it is ordered that this claim be and is hereby denied.