(No. 94-CC-0454-)

*In re* APPLICATION OF JOANNE E. CONKLIN

*Opinion filed May 10, 1995.*

CLARK & DEGRAND, for Claimant.

JIM RYAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This claim is before the Court by reason of the death of Edwin R. Conklin, who was a firefighter with the Earlville Fire Protection District. The decedent's widow, Joanne E. Conklin, seeks compensation pursuant to the terms and provisions of the Law Enforcement Officers and Firemen Compensation Act. 820 ILCS 315/1, *et seq*.

On November 16, 1993, the Court delivered an opinion finding that the Court could not determine if firefighter Conklin was "killed in the line of duty" as contemplated by the Act and directed that the issue be tried before a Commissioner of the Court. The Court made findings in its November 16, 1993, opinion as follows which we confirm:

(a) Firefighter Edwin R. Conklin died on July 1, 1993, while testifying in a Federal arson trial;

(b) The cause of death as stated on the certificate of death was listed as cardiac arrhythmia, due to or as a consequence of coronary artery disease;

(c) The decedent is survived by his wife, Joanne E. Conklin, the Claimant herein and she was designated by

the decedent as the sole beneficiary of any benefits under the Act;

(d) There is nothing in the circumstances to indicate firefighter Conklin's death was caused by willful misconduct or intoxication.

The Court found all the requirements for an award under the Act except the required finding that the decedent died in the line of duty.

The parties, in lieu of a trial, have filed with the Court Stipulation No. 1, Stipulation No. 2, and related materials. The Court has reviewed the report of the Attorney General, the application for benefits, the statement of supervising officer Fire Chief Larry O. Simpson, the letter of Frederick Mende, president of the Earlville Community Fire Protection District, the letter of assistant U.S. Attorney Susan E. Cox, the medical certificate of death, the letter of Frank Lefevre, M.D., the autopsy report, the designation of beneficiary, Stipulation No. 1, Stipulation No. 2, and all of the materials attached to the stipulations. The facts appear to be uncontradicted. On June 29, 1993, fireman Conklin was called to testify at an arson trial regarding a resident of Earlville who was accused of setting fire to his own restaurant in order to collect insurance proceeds. Firefighter Conklin rarely traveled to Chicago and appeared to be under stress regarding his testimony and role in the trial. Within one half hour of being called to the witness stand, he had a heart attack. He never regained consciousness and died two days later on July 1, 1993, at Northwestern Memorial Hospital.

The issue before the Court then is whether or not this death, under these circumstances, constitutes being "killed in the line of duty" as contemplated by the Act. The Court hears many cases regarding this issue and the

issue is perhaps the most difficult for the Court. There is always considerable sympathy for the claimants in such cases because these cases generally involve an untimely death of a loved one who has died in the service of the public. As sympathetic as the claimants may be in these cases, the Court has always remained strict in its determination of whether a decedent was killed in the line of duty.

Section 2(e) of the Act (820 ILCS 315/2(e)) provides, in relevant part: "'killed in the line of duty' means losing one's life as a result of injury received in the active performance of duties as a * * * or fireman if the death occurs within one year from the date the injury was received and if the injury arose from violence or other accidental cause." (*In re Application of O'Gara* (1991), 44 Ill. Ct. Cl. 288.) When determining whether an officer was killed in the line of duty where the fatal injury suffered is a heart attack, the standard of review of the evidence was established by this Court in *In re Application of Smith* (1990), 43 Ill. Ct. Cl. 183. The *Smith* decision states at page 186:

"Cases involving heart attacks are among the most difficult presented to this Court. The Court recognizes that police work involves stress and strain which can lead to heart attacks. In deciding whether an award should be granted an effort is made to determine whether the activities the decedent was performing precipitated the heart attack. In cases where a decedent is performing strenuous physical activities at the time the attack is suffered, the Court has consistently granted awards. However, in cases where the decedent was not performing strenuous physical activities when the heart attack was suffered, the Court must closely examine whether the circumstances surrounding the decedent's performance of duties prior to the time the fatal heart attack was suffered may have precipitated the attack."

We realize that the work of firefighters involves stress and strain which can lead to heart attacks. We must also note that in this case, firefighter Conklin was not involved in strenuous physical activity at the time the heart attack was suffered. We must, therefore, look very closely

at the circumstances surrounding the decedent's performance of duties prior to the fatal heart attack to determine whether the activities the decedent was performing precipitated the heart attack. The uncontradicted evidence before the Court is the medical opinion of Dr. Frank Lefevre, a board certified medical examiner and doctor of internal medicine. In Dr. Lefevre's letter of September 26, 1994, the doctor states "It is further my opinion, again based upon a reasonable degree of medical certainty, that the stress associated with appearing in Federal court in Chicago and giving testimony at that trial contributed to the onset of cardiac arrhythmia that led to Mr. Conklin's death." Dr. Lefevre's opinion was based on the fact that there was no evidence or prior signs of significant cardiac disease present that would account for the cardiopulmonary arrest that Mr. Conklin had even though there was some evidence of underlying heart disease in this 65-year-old man; that firefighter Conklin was under a high level of stress at having to testify in Chicago in Federal court with that stress releasing large amounts of stress hormones in the blood system thereby predisposing a person to cardiac arrhythmias; that such stress has a deleterious effect on one's health; and the total absence of any prior significant medical problems for firefighter Conklin.

Based on the unique facts of this case where testifying would be a very unusual event, we find that the stress of testifying in the arson trial in Chicago precipitated the heart arrhythmia in firefighter Conklin thereby leading to his death. Based on this finding, we further find that Edwin A. Conklin was killed in the line of duty and the claim of Claimant is therefore compensable.

It is therefore hereby ordered that Claimant, Joanne E. Conklin, is hereby awarded fifty thousand dollars

($50,000) pursuant to the provisions of the Law Enforcement Officers and Firemen Compensation Act.