(No. 89-CC-3009-▮▮▮▮▮▮▮▮

JEAN SIMIONI, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 30, 1993.*

*Opinion filed April 12, 1996.*

MATTHEW J. BERARDI, for Claimant.

JIM RYAN, Attorney General (KENNETH LEVINSON, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

Claimant filed her claim for death benefits under the Law Enforcement Officers, Civil Defense Workers, Civil Air Patrol Members, Paramedics and Firemen Compensation Act on March 24, 1989. On April 19, 1989, the Attorney General filed his report which indicated the Attorney General was unable to determine whether or not the death of Lt. Simioni meets the statutory requisite of being "killed in the line of duty." On July 7, 1989, the cause was assigned to a Commissioner with directions to hold a hearing so the Court could determine whether the decedent was killed in the line of duty. The cause was set for trial before Commissioner Michael Kane. In lieu of presenting evidence, Claimant filed a memorandum of law in support of petitioner's claim.

On February 5, 1989, Aldo Simioni, a Chicago fireman, had a heart attack at about 7:00 a.m. During the 24

hours preceding his attack, he had been on at least two emergency calls. However, no evidence was presented as to the calls or as to decedent's involvement in the calls. Also included in the file is the medical examiner's certificate which states decedent's death was caused by acute myocardial infarction of hours duration and which also indicated that the underlying cause of the infarction was arterial hypertension of years duration.

An award may be granted under the Act if it is shown that a fireman was killed in the line of duty as defined by the Act. The Act provides, in relevant part, that "Killed in the line of duty means losing one's life as a result of injury received in the active performance of duties as a * * * fireman, if the death occurs within one year from the date the injury was received and if that injury arises from violence or other accidental cause."

The Claimant has the burden of proving her claim by a preponderance of the evidence. (*In re Application of Schaffer* (1989), 42 Ill. Ct. Cl. 218.) This Court could not make a determination on July 7, 1989, as to whether decedent was killed in the line of duty based on the Attorney General's report. After the requested hearing, we have no new evidence upon which to make a decision. The hearing was the time for Claimant to present evidence and prove her case. While we sympathize with Claimant, we regretfully must find, that based on the foregoing, Lieutenant Aldo Simioni was not "killed in the line of duty" as is required by the Act. (Ill. Rev. Stat. 1985, ch. 48, par. 282.) for an award to be granted, since it has not been proven by a preponderance of the evidence that his unfortunate death resulted from his duties as a fireman.

Wherefore, it is hereby ordered that this claim be denied.

## OPINION

FREDERICK, J.

Claimant, Jean Simioni, filed her claim pursuant to the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 281 *et seq.*) on April 19, 1989. Claimant is the surviving spouse of Lieutenant Aldo Simioni who died on February 5, 1989. Lieutenant Simioni was a firefighter for the city of Chicago. Claimant was designated by the decedent to be the sole beneficiary of any benefits payable under the Law Enforcement Officers and Firemen Compensation Act pursuant to a designation of beneficiary form filed with the Court.

Michael J. Garritz, the supervising officer of the decedent, reports that Lieutenant Simioni had been on duty for approximately 23 hours and had responded to emergency calls during that time. Claimant collapsed and died at the fire station. The medical examiner's certificate of death states that the decedent died at Swedish Covenant Hospital on February 5, 1989. The immediate cause of death is recorded as acute myocardial infarction of hours duration. The underlying condition which gave rise to the immediate cause of death is described as arterial hypertension of years duration. There is nothing in the circumstances of Lieutenant Simioni's death to indicate that his death was caused by willful misconduct or intoxication.

On July 7, 1989, the Court entered an order requiring a hearing to determine if the decedent was "killed in the line of duty" as defined in the Act. The issue of whether a person was killed in the line of duty where the cause of death is a heart attack is perhaps the most difficult issue to be decided by the Court.

The trial was held before Commissioner Michael Kane on July 10, 1995. The evidence indicates that Lieutenant Simioni reported to work on February 4, 1989. He did respond to fires on February 4, 1989. In the 23 hours preceding his death, Lieutenant Simioni did make emergency calls in which the firemen in Battalion 89 were under stress and tension. In addition, the decedent had a long-standing history of hypertension which had been controlled with medication. The decedent took his job very seriously as he was a supervisor and responsible for the lives of his firefighters. The night prior to his death, he had been out at a fire and not feeling very well. The decedent, the next morning, was found dead at the firehouse. Additionally, an evidence deposition of Dr. V. R. Kuchi-Pudi was taken on September 12, 1995, and submitted into evidence. Dr. Kuchi-Pudi is an internist. He reviewed the medical records and was of the opinion that the stress of Lieutenant Simioni's job, combined with the fact that he had been exposed to carbon monoxide during the 23 hours prior to his death, caused the decedent's death.

This is a very close case. "Killed in the line of duty" as defined in the Act is "losing one's life as a result of injury received in the active performance of duties as a * * *, fireman * * * if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental cause * * *." *In re Application of Ryan* (1994), 46 Ill. Ct. Cl. 321, at 322.

In determining whether an officer has been killed in the line of duty when the cause of death was a heart attack, the Court has set standards for the determination of whether the decedent was killed in the line of duty. In those cases where the decedent has been on active duty and has been performing strenuous physical activity at

the time of the heart attack, the Court has consistently granted awards. In those cases where the decedent was not performing strenuous activities when the heart attack was suffered, the Court carefully reviews the decedent's performance of duties prior to the time of the fatal heart attack to determine if the performance of duties may have precipitated the heart attack. (*In re Application of Cardwell* (1991), 44 Ill. Ct. Cl. 288.) Based on the evidence presented, and particularly Dr. Kuchi-Pudi's testimony regarding carbon monoxide, we find that Lieutenant Simioni was killed in the line of duty. We find that Claimant has, therefore, met all requirements for an award under the Act.

It is therefore ordered that Claimant's claim be and hereby is allowed and Claimant, Jean Simioni, the surviving spouse of Lieutenant Aldo Simioni, is awarded $50,000 pursuant to the Law Enforcement Officers and Firemen Compensation Act, as she is the surviving spouse of a fireman who was killed in the line of duty.